UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80991-CIV-COHN

LEE EVAN BADESCH,

      Magistrate Judge Seltzer

    Plaintiff,

vs.

AETNA HEALTH, INC., a Connecticut
Corporation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S POST-HOC JUSTIFICATION

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant's Post-Hoc Justification [DE 18]. The Court has carefully considered the Motion, Defendant's Response [DE 19], Plaintiff's Reply [DE 21], and the record, and is otherwise fully advised in the premises. This Motion became ripe on June 23, 2008.

### I.  BACKGROUND

Plaintiff Lee Evan Badesch, ("Plaintiff") filed a three-count Complaint against Aetna Health ("Defendant") alleging violations of several provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, Plaintiff has brought this action pursuant to 29 U.S.C. § 1132 (a)(1)(B) and seeks compensatory and injunctive relief.

Defendant insures Plaintiff through his father's employer, United Way. Plaintiff was hospitalized on December 6, 2005, after experiencing suicidal tendencies. Three days later, Plaintiff's therapist determined that an emergency situation existed and

Plaintiff would have to be immediately placed into an inpatient residential mental health facility. Shortly thereafter, Plaintiff's father began submitting requests for Defendant to pay for the stay at the mental health facility. On August 25, 2006, Defendant denied the claim on the basis of "no authorization."[1]

Plaintiff requested a more complete explanation pursuant to 29 C.F.R. 2560.503-1(g) on October 18, 2006. Exhibit A to Motion to Strike [DE 18-2]. Plaintiff's attorney appealed this denial on August 24, 2007. Defendant did not respond to the appeal immediately, possibly due to its confusion over the attorney's authorization to appeal the decision. Exhibit C to Motion to Strike [DE 18-4]. Plaintiff filed this lawsuit on October 19, 2007. After litigation began, both parties agreed to a stay to allow Defendant to consider Plaintiff's administrative appeal [DE 11].

After receiving additional medical records, Defendant upheld the previous denial on April 30, 2008, but stated a new basis for the denial which was that the services were not medically necessary and therefore not covered by the policy. Exhibit E to Motion to Strike [DE 18-6]. Plaintiff asserts this denial is a post-hoc explanation and moves for the Court to strike it. Additionally, Plaintiff asks the Court to conclude that he has exhausted all administrative remedies so that the matter can be litigated in federal court.

---

[1] On February 2, 2007, Defendant clarified that the claim was denied for services not rendered by a participating provider. Exh. B to Motion to Strike [DE 18-3].

II. DISCUSSION

**A. Motion to Strike Standard**

Although the present Motion to Strike is not filed under Rule 12(f) of the Federal Rules of Civil Procedure, as Aetna's post-hoc justification is not technically a "pleading," the Rule 12(f) standard is instructive in this situation. Rule 12(f) provides in relevant part that "[u]pon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2006). Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice. Augustus v. Board of Public Instruction of Excambia County, Florida, et al., 306 F.2d 862, 868 (5th Cir. 1962).[2] Accordingly, motions to strike are disfavored, and such a motion should be granted only when the pleading to be stricken has no possible relation to the controversy. Id. (citing Brown & Williamson Tobacco Corp. V. U.S., 201 F.2d 819, 822 (6th Cir. 1953)). Further, a disputed question of fact cannot be decided on a motion to strike. Id. The courts generally are not willing to decide disputed and substantial questions of law on a motion to strike, and under such circumstances, the court may properly defer action on the motion and leave the sufficiency of the allegations for determination on the merits. Id.

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September, 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## B.  Post-Hoc Justification

Plaintiff first moves to strike Defendant's second justification for denying Plantiff's appeal.  The foundation for Plaintiff's Motion is that Defendant abandoned the previous basis for denial, and the new justification is an impermissible post-hoc explanation.  Plaintiff asserts that this "post-hoc" justification has prejudiced him because he can only rebut it in a limited fashion due to the passage of time and availability of medical evidence.  Defendant responds that through the administrative appeals process, it rendered an alternate decision after receiving previously unavailable documents.  Defendant further contends the previous justification does not preclude Aetna from changing the rationale for the denial through the administrative appeals process.

Normally, a Plaintiff in an ERISA case must exhaust all available administrative remedies under an ERISA governed plan before bringing a suit in federal court. Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990).  Administrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, reduce the cost of dispute resolution, and enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision making process.  Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir. 1985).

In the present case, Plaintiff prematurely began litigation before completing Defendant's internal administrative review process.  The lawsuit was stayed by Defendant's unopposed Motion, so that Plaintiff's administrative appeal could be

reviewed. It was during this appeals process that Defendant gave a new justification for the denial of benefits.

A series of regulations governs ERISA's administrative appeal process. If a claim is denied, a claimant "shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(1). A full and fair review takes into account any new "comments, documents, records, and other information ... relating to the claim for benefits" submitted by the claimant. Id. at § 2560.503-1(h)(2)(iv). The full and fair review requirements help claimants process claims efficiently and fairly and prepare for any further administrative reviews, as well as an appeal to the federal courts. Abram v. Cargill, Inc., 395 F.3d 882, 886 (8th Cir. 2005).

Plaintiff asserts that the denial given by Defendant during the administrative appeal process is a post-hoc justification for denial and must be stricken. The case law relied upon by Plaintiff in support of the proposition that Defendant has given a post-hoc justification is distinguishable from the matter before the Court. In cases cited by Plaintiff, the defendant's decision was final and the claimant could not appeal it any further through the administrative appeal process. See, e.g., Abram 395 F.3d at 886 (finding that a denial based on a report unavailable to plaintiff until after the appeals deadline passed is inconsistent with a full and fair review); Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 974 (9th Cir. 2006) (en banc) (holding an administrator adding a new reason for denial in a final decision, thereby precluding the plan participant from

5

responding at the administrative level, violates ERISA's procedures); Robinson v. Aetna Life Ins. Co., 443 F.3d 389, 393 (5th Cir. 2006) (providing that an insurance provider who does not allow a claimant to appeal the specific reason for a denial at the administrative level violates § 1133).  The common characteristic in all cases cited by Plaintiff is that the decision was unappealable and final at the administrative level.

The Court finds that Plaintiff was not prejudiced by an unappealable decision.  In this case Plaintiff had the ability, through the administrative appeal process, to have a full and fair review of this denial and submit any additional comments, documents, records, and other information to Defendant which would facilitate a full and fair review of the adverse benefit determination.

The justification given by Defendant during the administrative appeal process is admissible in accordance with 29 C.F.R. § 2560.503-1.  Therefore it is not a post-hoc decision, but an alternative rationale given for the denial during the administrative appeal process.[3]  The fact that Aetna changed its rationale may be relevant in the ultimate review of the claims process, but is not grounds for striking the rationale.  The determination of whether or not the denial is valid is a question of fact and law, and it would be improper to make this determination on a motion to strike.  Accordingly, the Court will not strike the April 30, 2008 justification for denial of the claim.

---

[3] It should also be noted that in a recent unpublished 11th Circuit opinion, the Court opined that post-hoc explanations may be considered, but a court should weigh the arguments accordingly, given the self-serving interest of the party giving the explanation.  Tippitt v. Reliance Standard Life Ins. Co., 2008 WL 1875968 (11th Cir. 2008).

## C. Excusal from Exhaustion of Remedies

Plaintiff also seeks a Court order stating that all administrative remedies have been exhausted so Plaintiff can proceed to litigate the claim in this Court. Defendant responds that Plaintiff must complete a second level administrative appeal before the matter is ripe for adjudication.

It is a longstanding rule within the 11th Circuit that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." Counts v. American Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997). However, the exhaustion requirement may be excused "when resort[ing] to administrative remedies would be futile or the remedy inadequate," Id., or where a claimant is denied meaningful access to the administrative review scheme in place. Perrino v. S. Bell Telephone and Telegraph Co., 209 F.3d 1309, 1315-16 (11th Cir. 2000).

Pursuant to Defendant's coverage plan, a policyholder must complete two appeals of an adverse determination before bringing a lawsuit against the Company. Aetna Certificate of Coverage, p. 61 of 65 [DE 1].[4] The Court does not find from the evidence presented that Plaintiff's continuation of the administrative appeals process will necessarily be futile. Additionally, not allowing Plaintiff to complete the

---

[4] The Certificate of Coverage appears to be at odds with information attached to Defendant's denial of Plaintiff's first administrative appeal. Aetna Florida HMO Appeal Process & Member Rights, ¶3 of Attachment to Exhibit E [DE 18-6]. According to the attachment, if a claimant does not timely request a second level appeal, "Aetna will consider the decision stated in the first [appeal] resolution letter to be final." Id. The next paragraph states that if a plan holder "does not agree with the final decision," he may bring a civil action under § 502 (a) of ERISA. Id. This wording indicates that a claimant could argue that he accepts the first appeal determination as final, and then file a civil action.

administrative appeal process, given the new justification presented by Defendant, would thwart the purpose of ERISA by not giving the claimant complete access to Aetna's administrative review scheme.

A claimant has 60 days from the time the first appeal is decided to request a second level appeal of the decision. Aetna Florida HMO Appeal Process & Member Rights, ¶3 of Attachment to Exhibit E [DE 18-6]. It would be inequitable to allow the second administrative appeal clock to run out while a motion to excuse Plaintiff from this appeal was pending. Therefore, the Court is allowing the 60 day window to file an appeal to toll from the time Plaintiff filed the Motion to Strike on May 30, 2008. Plaintiff has 30 days from the date of this Order to file the second administrative appeal with Aetna. If Plaintiff is dissatisfied with Aetna's second appeal determination, all administrative appeals will be complete and the matter will be ripe for adjudication at that time.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendants' Post-Hoc Justification [DE 18] is **DENIED**;

2. Plaintiff's request to order all administrative remedies exhausted is **DENIED;**

3. Plaintiff may file a second level appeal, pursuant to Aetna's procedures, by

August 22, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of July, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:
James B. Roche, Esq.
Jay S. Blumenkopf, Esq.